FILED'10 MAR 2 9 12:70USDC-ORP



**U.S. Department of Justice**
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*    (503) 727-1000
*Portland, OR  97204-2902*           Fax: (503) 727-1117

February 17, 2010

Kenneth Lerner
Attorney at Law
3439 NE Sandy Blvd.
Suite 286
Portland, OR 97232-1959

Re:   *United States v. Jamey Kirkes*
      Plea Agreement Letter  10-CR-054 (BR)

Dear Ken:

1.   **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority except for the Washington County District Attorney's Office represented by Deputy District Attorney Chris Lewman as noted below. Mr. Kirkes plea agreement with Washington County will be attached as an exhibit to this letter at the time of plea. This is a global settlement with Washington County. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**:  Defendant agrees to waive indictment and plead guilty to an information charging one count of Aggravated Identity Theft pursuant to Title 18, United States Code, Section 1028A, committed during and in relation to computer fraud.

3.   **Penalties**:  The statutory penalty is 24 months imprisonment, one year supervised release and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.   **Dismissal/No Prosecution**:  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation of intrusions into the computer network of Immersive Media and identity theft, known to the USAO at the time of this agreement.

5.   **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Kenneth Lerner
Re: Kirkes Plea Letter
Page 2

6. **Cooperation and De-Brief Terms**:

   A. **Information**: Defendant agrees to provide complete and truthful information relating directly or indirectly to any criminal activity. Such proffer includes producing all documents, records, writings, tangible objects, or materials in defendant's possession or control which relate to that criminal activity. Defendant agrees to cooperate with any efforts and requests by the USAO to verify that the information provided is complete and truthful. It is the purpose of this cooperation term to provide complete and truthful information relating to network compromises of the victim or other unauthorized access to victim information.

   B. **Use Immunity**: Except as otherwise stated herein, in return for defendant's cooperation and information, the USAO agrees not to use such information, or any information directly or indirectly derived from such information, against the defendant in any legal proceeding. The protections for defendant under this agreement do not extend to crimes of violence, unless otherwise specifically indicated.

   C. **Collateral Use**: If defendant should testify materially contrary to the substance of the proffer, or otherwise presents in any legal proceeding a position materially inconsistent with the proffer, any information or evidence obtained through that proffer may be used against defendant in any fashion, including as the basis for a prosecution for offenses involving perjury, false declaration before a grand jury or court, false statement, and obstruction of justice.

   D. **Continue Sentencing**: Defendant agrees to have the sentencing hearing set over in order to continue cooperation efforts if the USAO requests such a continuance.

   E. **Breach of Cooperation**: It is expressly understood and agreed by the parties that the determination of whether these cooperation terms have been breached rests exclusively with the USAO, so long as that determination is made in good faith and not arbitrarily. Should defendant knowingly give false, misleading, or incomplete information or testimony, or otherwise violate any of these cooperation terms, the parties agree that: (1) defendant may not withdraw any guilty plea; (2) statements and information from defendant under this agreement maybe used for any purpose without any "use immunity" to defendant; and (3) defendant may be prosecuted for any crime, whether or not such crime was the subject of this agreement.

7. **Sentence Recommendation**: The defendant acknowledges that the statutory sentence is 24 months in prison, and agrees that there will be a one year term of supervised release. The defendant agrees that he is responsible for restitution to Immersive Media in the amount of $25,175.63, and consents to entry of an order for restitution in that amount. The government agrees to schedule plea, sentencing and surrender date in this case prior to sentencing in the related Washington County case. It is the purpose of this agreement to enable the Washington County sentence to be served concurrently with the federal sentence, and in a federal facility

8. **Departures**: None contemplated.

Revised 7-21-08

Kenneth Lerner
Re: Kirkes Plea Letter
Page 3

9. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

10. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

14. **Deadline**: This plea offer expires if not accepted by March 1, 2010, 9:00 a.m.

Sincerely,

DWIGHT C. HOLTON
United States Attorney

LANCE CALDWELL
Assistant United States Attorney

Kenneth Lerner
Re: Kirkes Plea Letter
Page 4

 

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I wish to plead guilty because, in fact, I am guilty.

03.01.2010
Date

JAMEY KIRKES
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3-1-10
Date

KENNETH LERNER
Attorney for Defendant

cc: Special Agent Josh Cady



# BOB HERMANN
### DISTRICT ATTORNEY
WASHINGTON COUNTY
Justice Services Building
150 N. First Avenue, Suite 300, MS 40
Hillsboro, Oregon 97124-3002
(503) 846-8671   FAX: (503) 846-3407

---

TO: James J Jensen
Harris Law Firm, P.C.
165 SE 26th Ave
Hillsboro, OR 97123

## PLEA OFFER

Re: State v.

_____
JAMES NOLAN KIRKES
DEFENDANT

1. Plead guilty (no Alford guilty plea) in Circuit Court to:

| CRIMES | CSR | CLASS | COURT NUMBER |
|---|---|---|---|
| Burg 1 – Count 1 | 7 | A Fel | C092009CR |
| ID Theft – Count 2 | 2 | C Fel | |
| Theft 1 – Count 6 | 2 | C Fel | |

2. State dismisses:   Counts 3, 4, and 5

3. State doesn't charge: _____

4. State believes defendant's criminal history is:   F          5. DNA Draw:   Required

**As part of this agreement, defendant shall accurately and truthfully disclose any prior criminal history in the plea petition, and provide a legally sufficient factual basis in plea petition-paragraph 14 (writing crime title only is insufficient)**

6. Victim Notification:   Victim does not want to attend sentencing

7. Sentencing       Stipulated per ORS 135.432     *No Position is not concurrence with defendant's position.

   A. GUIDELINES-NO DEPARTURE    X                    H. RESTITUTION
   B. PROBATION OR PPS           Three Years PPS      I. ATTORNEY FEES              Yes
   C. FINE                                            J. WITNESS FEES
   D. UNITARY ASSESSMENTS        YES                  K. SENTENCE ENHANCEMENTS     137.717 (property)
   E. JAIL/STATE CORRECTIONS     13 MONTHS            L. NO CONTACT
   F. PROGRAM ELIGIBILITY        ☐ Open  ☐ All Programs  ☐ No Time Reduction Programs
                                 ☒ No Programs Except for the following:  ☐ AIP  ☐ Good/Earned Time  ☐ Credit for Time Served
   G. Evaluation and Treatment   ☐ Drug  ☐ Alcohol  ☐ Sex  ☐ Domestic Violence  ☐ Parenting  ☐ Mental Health  ☐ Anger

8. STIPULATE TO FORFEIT SEIZED:   all property seized

9. Other:   No contact Charles or Leslie Solomon

   This agreement is based on defendant entering a plea in his Federal case. The parties stipulate that the prison sentence in this matter run concurrent to his Federal sentence. The intent is for the time to be served in Federal custody.

10. To accept this offer or to keep it open, defendant must:   Plead Guilty at Pretrial Conference

11. Offer expires:   after the Pretrial Conference

**This offer is withdrawn and void if the defendant FTA's, violates a release agreement, is charged with a new crime or seeks Alford plea.**

Dated:   December 1, 2009

CB/TJT 6/94                       Chris Lewman                       file/def/
Rev. 8/08 (PTM)                   Deputy District Attorney           def. atty